The United Firm | La Liga Defensora A.P.C.
GEORGE K. ROSENSTOCK, #117515
3701 Wilshire Blvd., Ste. 210
Los Angeles, CA 90010-2877
George@UnitedFirm.com
Tel / Fax: (855) 704-5010
Attorneys for Defendant LUIS DUKES ACOSTA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS DUKES ACOSTA,<br><br>Defendant. | No. 23-CR-30063-2<br><br>**DEFENDANT'S MOTION TO CONTINUE TRIAL DATE FOR 60 DAYS** |

Defendant LUIS DUKES ACOSTA, by and through his counsel of record, George K. Rosenstock, respectfully moves this Honorable Court, for a 60-day continuance of the current trial date, which is set for July 14, 2025, on the grounds that a substantial late production of previously undisclosed discovery material—totaling approximately 2,584 pages, rending it impossible to provide constitutionally effective assistance of counsel in advance of the current trial date. This motion is supported by the attached declaration of defense counsel and is made in the interest of justice and to preserve the defendant's rights under the Sixth Amendment to the United States Constitution.

**I.    BACKGROUND**

1. Defendant, Luis Dukes Acosta is charged with Count One: aiding and abetting, knowingly and intentionally possessed with intent to distribute 5 kilograms or more of substance containing cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2(a). Mr. Dukes Acosta is

charged with Count two: combined, conspired, confederated and agreed with other persons known and unknown to the Grandy Jury, to possess with intent to distribute 5 kilograms or more of substance containing cocaine, a Schedule II controlled substance in violation of Title, 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

2. On March 24th, 2025, Defendant moved for early disclosure of Jencks Act materials pursuant to 18 U.S.C. § 3500, requesting advance access in light of the complexity of the case and the volume of audio recordings.

3. The Government opposed early disclosure, stating that all discoverable materials, including Jencks and Brady, had already been produced and that they would supplement only if any additional materials were uncovered.

4. During a court-ordered meet and confer, held on May 12th, 2025, the Government reaffirmed that all materials had been turned over, referencing the production of audio recordings, but no transcripts or translations were provided.

5. On or about May 19, 2025, the Government produced approximately 2,584 pages of additional discovery, including documents never previously disclosed, despite a standing discovery demand issued by defense counsel at the outset of the case.

6. This sudden late production, occurring less than two months prior to trial, fundamentally changes the nature and scope of the defense's trial preparation.

II.    ARGUMENT

Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii), Defendant moves for disclosure of grand jury proceedings for the limited purpose of determining whether the indictment should be dismissed due to insufficient evidence.

A continuance is warranted under 18 U.S.C. § 3161(h)(7)(A), which provides for exclusion of time under the Speedy Trial Act when the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial. Factors supporting such a continuance include:

• Whether the failure to grant the continuance would deny counsel reasonable time for effective preparation (see § 3161(h)(7)(B)(iv));

• Whether discovery has been unusually voluminous or complex;

• Whether the Government's representations led the defense to believe that no further discovery would be forthcoming.

Given the late production of extensive new material, it is not feasible to meaningfully review, investigate, and incorporate that evidence into trial strategy prior to July 14. Moreover, Defendant's right to effective assistance of counsel would be violated by forcing counsel to proceed to trial without adequate preparation time, in contravention of *Strickland v. Washington*, 466 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984).

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court vacate the current trial date and continue the matter for a reasonable time sufficient to allow for review and investigation of the newly produced discovery.

Dated: May 22, 2025                                      Respectfully submitted,

/s/ George K. Rosenstock
The United Firm | La Liga Defensora A.P.C.
George K. Rosenstock
Attorneys for Defendant LUIS DUKES ACOSTA

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO CONTINUE**

I, George Rosenstock, declare as follows:

1. I am the attorney of record for Dukes Acosta in the above-captioned case.

2. From the outset of this case, our office made a standard discovery demand to the Government via letter, requesting timely production of all Rule 16, Brady, and Jencks Act materials.

3. In a prior motion, which was filed on March 24th 2025, I requested early disclosure of Jencks material due to the volume of anticipated recordings and the anticipated need for transcription or translation. The Government opposed the motion, stating they had already disclosed all discovery and would supplement only if anything new was uncovered.

4. On May 12th 2025, during a meet and confer ordered by the Court, the Government reaffirmed that all Jencks material had been turned over. They referenced production of audio recordings, but no transcripts or translations were provided.

5. On or about May 19th, 2025, the Government produced approximately 2,584 pages of new discovery. These materials had not been disclosed previously and significantly expand the scope of this case.

6. In my professional opinion, and based on the amount and nature of this late production, it is not possible to review, investigate, and prepare an effective defense in advance of the currently scheduled trial date of July 14, 2025.

7. Proceeding to trial under these conditions would compromise my ability to provide effective assistance of counsel, and thereby violate Mr. Acosta's rights under the Sixth Amendment.

Dated: May 22, 2025              Respectfully submitted,

                                 /s/ George K. Rosenstock
                                 The United Firm | La Liga Defensora A.P.C.
                                 George K. Rosenstock
                                 Attorneys for Defendant LUIS DUKES ACOSTA

**CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that on May 22, 2025.

                                                  /s/ *George K. Rosenstock*
                                                  George K. Rosenstock