## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-cr-30063** |
| | ) | |
| **LUIS DUKES-ACOSTA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Luis Dukes-Acosta's Motion to Disclose <u>Jencks</u> Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith (d/e 72) and Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73).

Defendant's Motion to Disclose <u>Jencks</u> Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith (d/e 72) is DISMISSED as MOOT in part and DENIED in part. Defendant's Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) is

DISMISSED as MOOT in part and GRANTED in part.

## I.    BACKGROUND

On September 7, 2023, a two-count Indictment was filed in this Court. <u>See</u> d/e 23. Count One charged that on or about August 15, 2023, in Sangamon County, in the Central District of Illinois, Defendant Luis Dukes-Acosta ("Defendant") and Co-Defendant David Dowling-Chacon, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute 5 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(A) and Title 18, United States Code, Section 2(a). <u>Id.</u> at pp. 1-2.

Count Two charged that beginning on or before August 13, 2023, and continuing to August 15, 2023, in Sangamon County, in the Central District of Illinois, and elsewhere, Defendant and Co-Defendant Dowling-Chacon combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute 5 kilograms or more of a substance containing cocaine, a

Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 84l(a)(l), (b)(l)(A) and 846. Id. at p. 2.

On February 13, 2025, Co-Defendant Dowling-Chacon pled guilty to Count One of the Indictment subject to a plea agreement. See February 13, 2025 Minute Entry. Magistrate Judge Eric Long entered a Report and Recommendation recommending that this Court accept Co-Defendant Dowling-Chacon's guilty plea and adjudge him guilty of that offense. See d/e 66.

Defense counsel asserts that on February 13, 2025, he asked Assistant United States Attorney Matthew Weir for Co-Defendant Dowling-Chacon's plea agreement. See d/e 68, Exh. A. Assistant United States Attorney Weir responded that he required Court approval to do so because the plea is sealed and that he would be out of the country the following week, such that he might not provide the plea until the week after. See id.

The Government asserts that, once Co-Defendant Dowling-Chacon entered a guilty plea, the Government disclosed the plea agreement's existence to defense counsel in advance of this Court accepting the plea. See d/e 75, p. 2. The Government asserts that it inquired whether Defendant would be ready to proceed to trial as

scheduled on March 17, 2025 and conveyed that, given the change in circumstances, the Government would not object to a continuance. Id. at pp. 2-3. The Government further asserts that defense counsel advised that Defendant wished to proceed with the trial as scheduled. Id. at p. 3.

On February 19, 2025, defense counsel filed a Motion to Continue Jury Trial, see d/e 68, citing "[t]he failure to serve expert report and failure to serve Brady material namely cooperation agreement." Id. at p. 1. This Court notes that, on February 19, 2025, it had not yet accepted Judge Long's Report and Recommendation to accept Co-Defendant Dowling-Chacon's guilty plea. See February 28, 2025 Text Order.

On February 20, 2025, Judge Long continued the trial in this matter to July 14, 2025. See February 20, 2025 Minute Entry. On February 28, 2025, this Court adopted Judge Long's Report and Recommendation and adjudged Co-Defendant Dowling-Chacon guilty as to Count One of the Indictment. See February 28, 2025 Text Order.

On March 11, 2025, the Government filed a Motion to Disclose Plea Agreement. See d/e 70. On March 12, 2025, this Court entered

a Protective Order Regarding Use of Plea Agreement granting the
Government's request to disclose the plea agreement subject to a
protective order. <u>See</u> d/e 71.

On March 24, 2025, Defendant filed a Motion to Disclose
<u>Jencks</u> Act Material and to Dismiss Indictment Pursuant to Rule
6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule
6(e), To Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith. <u>See</u> d/e 72.
On April 8, 2025, Defendant filed a Motion for Disclosure and Use
of Co-Defendant's Plea and Cooperation Agreement. <u>See</u> d/e 73. On
May 7, 2025, the Government responded to both of Defendant's
Motions. <u>See</u> d/e 75.

On May 12, 2025, the parties met and conferred regarding
Defendant's Motions. <u>See</u> d/e 77, p. 2; d/e 80, p. 2. Per defense
counsel, "the Government reaffirmed that all materials had been
turned over, referencing the production of audio recordings, but no
transcripts or translations were provided." <u>See</u> d/e 77, p. 2. Per the
Government, defense counsel "indicated that the only issue at that
time was over Grand Jury Material. A discussion was had in which
the government reaffirmed its position that material was not

discoverable. The government acknowledged its ongoing duty to provide discovery." <u>See</u> d/e 80, p. 2.

On May 19, 2025, the Government sent defense counsel 2,584 pages of discovery. <u>See</u> d/e 77, p. 2; d/e 80, p. 2. Per defense counsel, "the Government produced approximately 2,584 pages of additional discovery, including documents never previously disclosed, despite a standing discovery demand issued by defense counsel at the outset of the case." <u>See</u> d/e 77, p. 2.

Per the Government, "35 pages of the discovery comprised reports on fingerprint analysis conducted as part of this case. That analysis was completed May 8, 2025." <u>See</u> d/e 80, p. 3. "The remaining 2,549 pages of discovery comprised translations of conversations recovered from electronic items seized in this case [that] were previously disclosed to defense counsel on two separate occasions." <u>Id.</u> "The translation of the conversations was not completed until March 23, 2025," and a report "highlight[ing] the messages currently anticipated to be used by the government...was completed on May 13, 2025" and "disclosed on May 22, 2025." <u>Id.</u>

On May 22, 2025, defense counsel moved to continue the trial in this matter, citing "a substantial late production of previously

undisclosed discovery material—totaling approximately 2,584 pages, rending [sic] it impossible to provide constitutionally effective assistance of counsel in advance of the current trial date." <u>See</u> d/e 77, p. 1. On June 9, 2025, the Government filed a Response. <u>See</u> d/e 80.

## II.    ANALYSIS

The Court first considers Defendant's Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) to more efficiently address plea and cooperation agreement contentions in Defendant's Motion to Disclose <u>Jencks</u> Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith (d/e 72).

### A. Defendant's Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) is Dismissed as Moot as to Disclosure and Granted as to Use.

Defendant moves this Court to issue an order "[r]equiring the government to disclose the co-defendant's plea and cooperation agreement for the purposes of trial." <u>See</u> d/e 73, p. 4. The Government responds in a later filing that it has "turned over the accepted guilty plea." <u>See</u> d/e 75, p. 17. Therefore, Defendant's

Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) is dismissed as moot as it pertains to disclosure of the plea and cooperation agreement.

Defendant also moves this Court to issue an order "[a]llowing the use of the co-defendant's plea and cooperation agreement as an exhibit during trial, with appropriate redactions if necessary." See d/e 73, p. 4. The Government responds that it "has no objection to the defendant's request to utilize co-defendant David Dowling-Chacon's plea agreement at trial in accordance with the law, subject to any limitations the Court places on that use." See d/e 80, p. 2. Therefore, Defendant's Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) is granted as it pertains to use of the plea and cooperation agreement as an exhibit during trial subject to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and all applicable law.

### B. Defendant's Motion for Early Disclosure of <u>Jencks</u> Act Material (d/e 72) is Dismissed as Moot.

Pursuant to 18 U.S.C. § 3500, also known as the <u>Jencks</u> Act, when the government brings a criminal prosecution, "no statement or report in the possession of the United States which was made by

a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

Federal Rule of Criminal Procedure 26.2 similarly governs materials produced by the government. "After a witness other than the defendant has testified on direct examination," a court must order the production of "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). Further, "[t]he court may recess the proceedings to allow time for a party to examine the statement and prepare for its use." Fed. R. Crim. P. 26.2(d).

Defendant first moves this Court to order the Government to produce Jencks Act material at least 30 days prior to trial. See d/e 72, p. 5. The Government states that it "has and continues to provide discovery...in advance of trial in excess of its obligations under the Jencks Act." See d/e 75, p. 14. The Government, as of May 7, 2025, had "tendered to the defendant 634 bates-stamped pages - which includes Jencks material," as well as "statements of non-defendant witnesses such as Special Agent Todd Emery,

Trooper Nicholas Capranica, Master-Sergeant Zach Weishaar of the Illinois State Police, and codefendant Dowling-Chacon" on May 3, 2024 and again on February 3, 2025. See d/e 75, pp. 2, 14.

Further, when the Government, by its own characterization, "created Jencks material"—by translating conversations recovered from electronic items seized in this case, analyzing the translated conversations, and completing a report on May 13, 2025 that highlights the messages the Government anticipates using—the Government disclosed that report to defense counsel on May 22, 2025. See d/e 80, p. 3.

The Government states that it has turned over Jencks materials well in advance of the 30 days prior to trial requested by Defendant. Defendant does not allege that the Government has withheld any specific Jencks material. Therefore, Defendant's Motion to Disclose Jencks Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose Brady and Giglio Material Forthwith (d/e 72) is dismissed as moot as it pertains to early disclosure of Jencks Act material.

### C. Defendant's Motion to Authorize Disclosure of Grand

**Jury Proceedings under Rule 6(e)(3)(E)(ii) and Dismiss Indictment If Review Reveals Lack of Sufficient Evidence Presented to Grand Jury (d/e 72) is Denied.**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter" "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Id.

Defendant moves this Court to "[a]uthorize disclosure of grand jury proceedings under Rule 6(e)(3)(E)(ii)" and "[d]ismiss the indictment if review reveals a lack of sufficient evidence presented to the grand jury." See d/e 72, p. 5. Specifically, Defendant states that "[t]he indictment in this case appears to have been based primarily, if not entirely, on speculative circumstantial evidence raising substantial doubt about the sufficiency of the evidence presented to the grand jury." Id. at p. 4. Therefore, Defendant argues, "inspection is warranted here to protect Defendant's constitutional rights and ensure the integrity of the indictment." Id. Defendant cites no caselaw in support of this request.

The Government asserts that, when a defendant requests early

disclosure of grand jury transcripts on the grounds that "the government's case is weak so a request to breach the secrecy of the grand jury is warranted," "his request fails." <u>See</u> d/e 75, p. 15. The Government cites the Supreme Court's finding that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." <u>Id.</u> (quoting <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974)). The Government argues that Defendant makes no factual allegations involving and demonstrates no particularized need for grand jury materials and that "a mere possibility of benefit does not satisfy the required showing of particularized need" under the "deliberately stringent" standard set forth in <u>Matter of Grand Jury Proceedings, Special September 1986</u>, 942 F.2d 1195 (7th Cir. 1991). <u>See</u> d/e 75, p. 15 (quoting <u>Matter of Grand Jury</u>, 942 F.2d at 1198, 1199).

"[D]isclosure under Rule 6(e) is a rare exception to the rule that grand jury proceedings are closed to the public." <u>United States v. Campbell</u>, 294 F.3d 824, 827 n.1 (7th Cir. 2002) (citing <u>Matter of Grand Jury</u>, 942 F.2d at 1198). "[T]he secrecy of the grand jury proceeding will not be broken except where the party seeking

disclosure can show a 'compelling necessity' or a 'particularized need.'" Matter of Grand Jury, 942 F.2d at 1198 (quoting Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)).

Courts are rightly "reluctan[t] to examine the quality or sufficiency of the evidence presented to a grand jury." See United States v. Greve, 490 F.3d 566, 571 (7th Cir. 2007) (citing Calandra, 414 U.S. at 344-45). The Supreme Court has "found no 'authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof.'" Kaley v. United States, 571 U.S. 320, 328 (2014) (quoting Costello v. United States, 350 U.S. 359, 362–63 (1956)); see also United States v. Brown, 665 F. App'x 550, 552 (7th Cir. 2016) ("the validity of an indictment is not affected by the character of the evidence considered" under Calandra).

Defendant pleads no particularized need for grand jury materials as required by Matter of Grand Jury and Douglas Oil and plainly contests the Indictment's validity on the basis of inadequate or incompetent evidence as barred by Calandra. Therefore,

Defendant's Motion to Disclose <u>Jencks</u> Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith (d/e 72) is denied as to disclosure of Grand Jury proceedings and dismissal of the Indictment.

### D. Defendant's Motion to Compel Disclosure of <u>Brady</u> and <u>Giglio</u> Material (d/e 72) is Dismissed as Moot.

Defendant also moves this Court to "[o]rder the Government to provide <u>Brady</u> and <u>Giglio</u> material immediately." <u>See</u> d/e 72, p. 5. In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court ruled that the Government may not suppress "evidence favorable to an accused" that is "material either to guilt or to punishment," also called <u>Brady</u> material. <u>Id.</u> at 87. In <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the justices expanded on <u>Brady</u> and held that the Government could not withhold evidence relevant to its witnesses' credibility. <u>See</u> <u>id.</u> at pp. 154-55.

Defendant argues that the Government's purported failure to disclose "the plea agreement and cooperation agreement of an allegedly cooperating witness" delayed the trial in this matter and "underscores the necessity of provided early disclosure of <u>Jencks</u>

Act materials." <u>See</u> d/e 72, p. 5. As discussed earlier, the Government states that it has "turned over the accepted guilty plea." <u>See</u> d/e 75, p. 17.

Defendant cites three cases, all from courts outside the Seventh Circuit, in support of his proposition that "<u>Brady</u>/<u>Giglio</u> material is to be turned over at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case." <u>See</u> d/e 72, p. 4 (internal citations omitted).

In the first case, <u>United States v. Pollack</u>, 534 F.2d 964 (D.C. Cir. 1976) the government withheld relevant evidence until the eve of trial. <u>Id.</u> at 973. While disclosure timing must "balance in each case the potential dangers of early discovery against the need that <u>Brady</u> purports to serve of avoiding wrongful convictions," the D.C. Circuit Court of Appeals found, "[w]e cannot say in this case that the possibility of such convictions was heightened by the timing of the government's disclosures." <u>Id.</u> at 974.

In the second case, <u>United States v. Starusko</u>, 729 F.2d 256 (3d Cir. 1984), the Third Circuit Court of Appeals cited its "longstanding policy of encouraging early production" of <u>Brady</u>

material. Id. at p. 261. But the Circuit Court also noted that "[n]o denial of due process occurs if Brady material is disclosed in time for its effective use at trial" and found that no "due process violation had been made out" in that case "because the government's failure to disclose was exposed prior to trial." Id. at 262 (internal citations omitted).

In the third case, United States v. Recognition Equipment, Inc., 711 F. Supp. 1 (D.D.C. 1989), the District Court for the District of Columbia found that "[t]he government apparently seeks to limit the Brady material in this case to those documents that it believes are significant to defendants' case." Id. at 14. Against that background, the District Court ordered "that the government provide evidence that it possesses regarding criminal records and certain other impeaching evidence of government witnesses." Id.

None of the three cases Defendant cites address circumstances analogous to this case. The Government asserts that it has provided defense counsel with Brady and Giglio material well before the eve of trial, and Defendant does not allege that the Government seeks to limit what constitutes Brady material.

The Government contends that it "has and continues to

provide discovery in excess of its obligations under" <u>Brady</u> and

<u>Giglio</u>. <u>See</u> d/e 75, p. 14. The Government cites to several district

court cases, all within the Seventh Circuit, holding "that where the

Government has made assurances it will comply with <u>Giglio</u> and

<u>Brady</u>, those assurances are sufficient." <u>Id.</u> (quoting <u>United States</u>

<u>v. Johnson</u>, 2012 WL 1994848, *3 (S.D. Ill. June 4, 2012)); <u>see also</u>

<u>United States v. Alex</u>, 791 F. Supp. 723, 729 (N.D. Ill. 1992); <u>United</u>

<u>States v. Dominguez</u>, 131 F.R.D. 556, 559 (N.D. Ill. 1990); <u>United</u>

<u>States v. Leichtfuss</u>, 331 F. Supp. 723, 730-31 (N.D. Ill.1971);

<u>United States v. Withers</u>, 303 F. Supp. 641, 645 (N.D. Ill. 1969).

  This Court agrees with its sister district courts and finds that,

especially since the Government has already demonstrated

compliance with <u>Giglio</u> and <u>Brady</u> by turning over the contested

plea agreement, the Government's assurances of future compliance

are sufficient. Therefore, Defendant's Motion to Disclose <u>Jencks</u> Act

Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii),

To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To

Disclose <u>Brady</u> and <u>Giglio</u> Material Forthwith (d/e 72) is dismissed

as moot as it pertains to disclosure of <u>Brady</u> and <u>Giglio</u> material.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Disclose Jencks Act Material and to Dismiss Indictment Pursuant to Rule 6(e)(3)(E)(ii), To Disclose Grand Jury Testimony Pursuant to Rule 6(e), To Disclose Brady and Giglio Material Forthwith (d/e 72) is DISMISSED as MOOT as it pertains to disclosure of Jencks Act, Brady, and Giglio material because the Government has already turned those materials over to Defendant and DENIED as it pertains to disclosing Grand Jury testimony pursuant to Rule 6(e)(3)(E)(ii) and dismissing the Indictment.

Defendant's Motion for Disclosure and Use of Co-Defendant's Plea and Cooperation Agreement (d/e 73) is DISMISSED as MOOT as it pertains to disclosure because the Government has already turned over Co-Defendant Dowling-Chacon's plea and cooperation agreement to Defendant and GRANTED as it pertains to use of that plea and cooperation agreement as an exhibit during trial.

**ENTERED:  June 23, 2025.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**